IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY THOMAS MILLER, # S-00346, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEPHEN DUNCAN, )<br>and JOHN DOES 1 & 2, )<br>)<br>Defendants. ) | Case No. 15-cv-415-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to a humiliating strip search and other cruel and unusual punishment during a "shakedown" at Lawrence on July 7, 2014.

According to the complaint, Defendant Duncan (Warden/Chief Administrative Officer) ordered the Department of Corrections Tactical Team (Orange Crush) to conduct a shakedown of Plaintiff's housing unit during the 7:00am to 3:00 p.m. shift on July 7 (Doc. 1, p. 6). The John Doe Defendants #1 and #2, both correctional officers and Tactical Team members, carried out the shakedown. First, they forced Plaintiff to undergo a strip search in front of his cellmate, during which the John Doe Defendants made sexually humiliating comments and gestures directed at Plaintiff (Doc. 1, p. 8). One John Doe Defendant grabbed his own crotch, while telling Plaintiff that he had "a nice tight ass." *Id*.

Plaintiff was then forced to line up behind another prisoner, standing in the "nut-to-butt" position, and ordered to place his head down between the shoulders of the prisoner in front of

him. Plaintiff was made to hold his neck in this chin-to-chest stress position for over two hours. During this time, Plaintiff's hands were cuffed behind his back. When Plaintiff moved his head out of this stress position because of his neck pain, a John Doe Defendant smacked Plaintiff on the back of his head and pushed his head into the man in front of him (Doc. 1, p. 9).

Finally, Plaintiff was forced to sit in another stress position for over two hours, during which he was denied access to drinking water and toilet facilities. He was then escorted back to his housing unit (Doc. 1, p. 10).

Plaintiff seeks compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

> **Count 1:** Eighth Amendment claim against all Defendants for subjecting Plaintiff to a humiliating strip search;
>
> **Count 2:** Eighth Amendment claim against all Defendants for subjecting Plaintiff to excessive force and physical pain.

**Count 1 – Strip Search**

Strip searches that are not related to legitimate security needs or are conducted in a harassing manner in order to humiliate and inflict psychological pain, may be found unconstitutional under the Eighth Amendment. And even if a valid penological reason existed for the search, "the manner in which the searches were conducted must itself pass constitutional muster." *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip

searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments) (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)); *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).

Under the above authority, even though there may have been a valid reason for the search, the manner in which it was allegedly conducted by the John Doe Defendants indicates that further review of Plaintiff's claim is appropriate. Plaintiff is entitled to conduct discovery to determine the identity of these unknown Defendants so that they may be served.

Defendant Duncan cannot be held liable for the actions of the John Doe Defendants merely because he was their supervisor. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions). But Plaintiff alleges more–according to the complaint, Defendant Duncan specifically ordered the Orange Crush Tactical Team, including the John Doe Defendants, to conduct the strip search and shakedown. Where a defendant has been alleged to have directed the conduct or to have given knowing consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *McPhaul v. Bd. of Comm'rs of Madison Cnty.,* 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville*, 266

F.3d at 740 (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")). On this basis, Plaintiff also may proceed on the claim in **Count 1** against Defendant Duncan.

### Count 2 – Excessive Force and Infliction of Pain

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

During the shakedown, one or both of the John Doe Defendants allegedly struck and shoved Plaintiff's head. They also forced him to stand and sit in painful stress positions for an extended period of time, which, although it may not have included a "malevolent *touch*," certainly falls within the realm of possibly unconstitutional punishment. Based on these allegations, Plaintiff may proceed with the claim in **Count 2** against the John Doe Defendants. As with Count 1, he may also proceed against Defendant Duncan on the basis that he directed the John Doe Defendants' conduct.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendant **DUNCAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe #1 and #2) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the

Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 5, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**